## WILLIAM GROW *v.* HIS CREDITORS.

Statement of Losses in Insolvent's Petition.—In a contest on the ground of fraud against an applicant for the benefit of the Insolvent Law, the statement of the applicant in his petition as to his losses is not involved. If the statement of losses is vague and indefinite, the proper course is to move for a rule upon him to amend it.

Charge of Fraud in Creditor's Opposition to Insolvent's Discharge.—If an objection is made that the matters charged as fraud in a creditor's written opposition to an insolvent's discharge do not amount to fraud, the objection will be overruled if any of the charges are sufficient.

Demurrer to Opposition to Insolvent's Discharge.—An objection that matters charged as fraud in a creditor's written opposition to an insolvent's discharge do not amount to fraud, is equivalent to a demurrer.

Estate in Expectancy within Meaning of Insolvent Law.—If an applicant

for the benefit of the Insolvent Law holds an office from which he will derive future revenues, these revenues do not constitute an estate in expectancy, within the meaning of the statute, which the petitioner is bound to assign to his creditors.

ALLEGATION OF FRAUD IN OPPOSITION TO INSOLVENT'S DISCHARGE.—An allegation, in an opposition to an insolvent's discharge, that the petitioner holds the office of County Treasurer, from which he will hereafter receive a large amount of money, and that he has fraudulently concealed such fact from his creditors, does not amount to an allegation of fraud.

GAMBLERS ENTITLED TO BENEFIT OF INSOLVENT LAW.—Gamblers are not denied the benefit of the Insolvent Act, and their application therefor cannot be defeated on that ground.

CHARGE OF FRAUD IN OPPOSITION TO INSOLVENT'S DISCHARGE.—An allegation in an opposition to an insolvent's discharge that he has collected debts since he filed his petition which were due him, and has failed to account for the money and pay it over to his assignee, amounts to a charge of fraud. The allegation ought to state from whom the money was received; but if not objected to on that ground, the objection is waived.

APPEAL from the County Court of Siskiyou County.

The petitioner appealed.

The other facts are stated in the opinion of the Court.

*J. G. McCullough*, for Appellant. In the written opposition of the creditor to the application of the insolvent for the benefit of the Act, the charges of statutory fraud must be clearly enunciated and specifically made—must be clearly proved, and must be expressly and specifically found. (*Beste* v. *His Creditors*, 14 La. Ann. 516 ; *Ex parte Moffat*, 11 Rich. [Law] S. C. 358.) And our Act provides that the several facts of alleged fraud must be *specially stated*, exactly as in Louisiana. (1 Hittell's Dig., Art. 3,829.) And the law further provides what acts shall be considered fraud, and who shall be considered fraudulent bankrupts under its provisions. (1 Hittell's Dig., Arts. 3,836–40.) A general finding of fraud is not enough, but the fraud must be expressly found. (*Moore* v. *Lemon*, 2 Speer's R., S. C. 617.) The revenue to be derived from the office of Treasurer was not an estate in expectancy. The petitioner could not assign the office. (*Flarty* v. *Odlum*, 3 Durm. & East T. R. 681 ; *Arbuckle* v.

*Cowtan*, 3 Bos. & Pul. 321; *Parry* v. *Jones*, 37 Eng. L. & E. 413.)

*E. Steele*, for Contestant. Estates in expectancy are of two kinds—one created by the act of the parties, called a remainder; the other by act of law, called a reversion. If the petitioner had any money in his hands as Treasurer, the percentage he would receive on it as Treasurer was, at least, if not an expectancy, a contract whereby money might thereafter become payable.

By the Court, SANDERSON, J.:

This is a proceeding under the provisions of the statute for the relief of insolvent debtors and protection of creditors. One of the creditors opposed and contested the discharge upon the ground of fraud. The charges of fraud were submitted to a jury, who returned a verdict of guilty against the petitioner. A new trial was applied for, but denied.

Three points were made upon the motion for a new trial:

1. That the verdict is contrary to the evidence.

2. That the Court erred in refusing to instruct the jury that the fees and emoluments of the office of County Treasurer—of which the petitioner was the incumbent at the time these proceedings were commenced—which had or were to accrue to the petitioner subsequent to the filing of his petition, did not constitute an estate in expectancy within the meaning of the statute, and therefore need not be assigned by petitioner.

3. That the Court erred, in admitting irrelevant testimony.

In addition to the foregoing, a fourth point is now made, to the effect that the matters charged as fraud, if taken as confessed, do not amount to fraud within the meaning of the statute.

This point is equivalent to a general demurrer, and must be overruled if any of the charges are sufficient. The objection in writing of the creditor to the discharge of the petitioner starts out with averring that the schedule of losses is vague

and indefinite. Admitting this to be so, it has nothing to do with this contest. A contest of this character brings out the acts of the petitioner in relation to his estate, and brings before the jury the schedule of his assets and not of his losses. If a more complete and definite schedule of the insolvent's losses can be required for any purpose, the proper course would be to move the Court for a rule upon him to amend it, so far as he may be able to do so, in the respects whereof complaint is made. But be that as it may, it is clear that such objections only present a legal question, and are not involved in the matters with which the jury have to deal.

The contestant next alleges that the petitioner holds the office of County Treasurer, which yields or will yield him an income of about two thousand five hundred dollars per annum during his term of office, and that prior to the filing of his petition he had been in possession of the office for nearly two months, and had received in fees therefrom the sum of one hundred and eighty dollars. That the petitioner has fraudulently concealed the fact that he is such Treasurer, and that he has and will hereafter receive a large amount of money from his office, with the intention of keeping the same from his creditors, etc. If this be true, it certainly does not reflect much credit upon the intelligence and sagacity of his creditors and constituents. In view of the fact that he was chosen for that position by the people of his county at a general election held for that purpose in part, and of the fact that his election must have been a matter of notoriety and of record in the public archives of the county, one would suppose that he would find it exceedingly difficult to conceal the fact from his creditors, if inclined to do so. We think we may safely venture the statement, upon the face of the papers, that the petitioner never undertook to conceal from his creditors the fact that he held the office in question or that he was in receipt of its emoluments.

The foregoing is all that is contained in the written charges of the contestant as first filed. It is very clear that so far no fraud was alleged. The charge was undoubtedly made under

the impression that the future revenues of the office might constitute an estate in expectancy, within the meaning of the statute, which the petitioner would therefore be bound to assign to his creditors before he could obtain his discharge. That such is the law is not now pretended, however strenuously it may have been contended that it was in the Court below.

Subsequently the contestant filed a further charge, in which he alleges that the petitioner has collected, since he filed his petition, two debts which were due him, amounting in the aggregate to the sum of four hundred and seventy dollars and sixty-nine cents, and that he has failed to account for the same and to pay it over to his assignee. It is also alleged that petitioner has, in times past, been addicted to the vice of gambling, and that his inability to pay his debts has been caused, in a great measure, by his losses in that way. However pernicious the habit of gambling may be, we are not aware that it has ever been esteemed a legal fraud upon creditors. Men do not gamble for the purpose of losing their money with intent to defraud their creditors. On the contrary, it is the generally received opinion that they gamble for the purpose and with the deliberate intent to win and appropriate to their own use the money of their antagonists. So far, therefore, as the intent with which the act is done is concerned, it looks to the advantage of the creditor rather than his prejudice. It is sufficient, however, to say that gamblers are not denied the benefits of the Insolvent Act, and that their application therefor cannot be defeated upon that ground.

The only issue made relates to the collection of debts by the petitioner since the filing of his petition, and his failure to pay the money to his assignee. Whether this was true or not was the sole question for the jury to answer, and the testimony should have been confined to those allegations. It is true that the allegations ought to show from whom the money was collected; but no objection was taken upon that ground in the Court below, and it must now be regarded as waived. But it is not pretended that there was any evidence introduced in

support of this charge.    This disposes of the case and renders
it unnecessary to consider the other points.

A new trial is granted.    If it takes place, the Court below
is advised to confine it to the question whether the petitioner
has collected the debts referred to and failed to pay over the
money to his assignee.